9

WALTER WILHELM LAW GROUP
a Professional Corporation
Riley C. Walter #91839
Kathleen D. DeVaney #156444
Danielle J. Bethel #315945
205 E. River Park Circle, Suite 410
Fresno, CA 93720
Telephone:   (559) 435-9800
Facsimile:    (559) 435-9868
E-mail:        rileywalter@w2lg.com

(SPACE BELOW FOR FILING STAMP ONLY)

Attorneys for TULARE LOCAL HEALTHCARE DISTRICT,
dba TULARE REGIONAL MEDICAL CENTER

## IN THE UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

| | |
|---|---|
| In re | CASE NO.  17-13797 |
| TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER, | Chapter 9 |
| Debtor. | |
| Tax ID #:   94-6002897 Address:   869 N. Cherry Street Tulare, CA 93274 | |
| TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER, | ADV PROC. NO. _____ |
| Plaintiff, | Date:        N/A Time:        N/A Place:       2500 Tulare Street Fresno, CA 93721 Courtroom 13 |
| vs. | |
| HEALTHCARE CONGLOMERATE ASSOCIATES, LLC, a California limited liability company, | Judge:       Honorable René Lastreto II |
| Defendant. | |

**COMPLAINT TO AVOID PREFERENTIAL TRANSFERS, FRAUDULENT CONVEYANCE AND FOR DECLARATORY RELIEF**
**(Healthcare Conglomerate Associates, LLC)**

1    Tulare Local Healthcare District, dba Tulare Regional Medical Center ("Plaintiff"

2    or "the District"), the debtor in the above-captioned adversary proceeding, brings this

3    complaint and alleges as follows:

4    **JURISDICTION, VENUE AND THE PARTIES**

5        1.    This Court has jurisdiction over this adversary proceeding pursuant to

6    28 U.S.C. § 157(d) and 1334.

7        2.    This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §

8    157(b)(2)(A), (F), and (O).  This adversary proceeding relates to *In re Tulare Local*

9    *Healthcare District, dba Tulare Regional Medical Center*, Case No. 17-13797, which

10   was commenced on September 30, 2017 ("Petition Date") by the Tulare Local

11   Healthcare District, dba Tulare Regional Medical Center ("District") by filing a petition

12   under Chapter 9 of title 11 of the United States Code ("Bankruptcy Code") on an

13   emergency basis in the United States Bankruptcy Court for the Eastern District of

14   California - Fresno Division ("Bankruptcy Court").

15       3.    Venue is proper under 28 U.S.C. § 1409.

16       4.    Plaintiff Tulare Local Healthcare District is a public local

17   healthcare district organized under the Local Hospital District Law set forth in

18   California's Health and Safety Code.  The District is a municipality under Bankruptcy

19   Code § 109(c)(1)(40) and as defined in Bankruptcy Code § 101(40). The District

20   operates a general acute hospital facility known as the Tulare Regional Medical Center,

21   a fitness facility, and other patient services programs. Pursuant to Bankruptcy Code §

22   904(5), the District is the same as a trustee because the word "trustee" means debtor

23   when used in a section that is made applicable in a Chapter 9 case.

24       5.    Defendant Healthcare Conglomerate Associates, LLC ("HCCA" or

25   "Defendant") is a limited liability company organized in December 2013 under the laws

26   of the State of California.  Plaintiff is informed and believes, and on such information

27   and belief alleges, that at all times relevant herein, Yorai Benzeevi, M.D. ("Benzeevi"), is

28   and was the manager and/or member of HCCA.  Plaintiff is also informed and believes,

1 and on such information and belief alleges, that Benzeevi is the Chief Executive Officer
2 of Defendant HCCA. This Court has personal jurisdiction over the Defendant. At all
3 relevant times, Defendant was an entity for whose benefit the recoverable transfers
4 alleged in this Complaint were made, and/or an immediate or mediate transferee of
5 such recoverable transfers.

6 <center>**ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**</center>

7      6.     On May 29, 2014, HCCA and the District entered into a contract involving
8 four agreements consisting of a Management Services Agreement ("MSA"), Interim
9 Joint Operating Agreement, Joint Operating Agreement and Option (collectively taken
10 together, the "Contract"). Copies of the documents that comprised the Contract were
11 filed in the District's Chapter 9 case as Docket Nos. 37, 38, 39 and 40, respectively and
12 also attached as Exhibit 2 to the Declaration of Yorai Benzeevi, M.D., filed on October
13 17, 2017. The Option was recorded on July 3, 2014 in the Official Records of the
14 County of Tulare as Instrument No. 2014-0034007. On October 19, 2017, the
15 Bankruptcy Court granted the District's motion to reject the Contract. Docket No. 174.

16      7.     On September 27, 2017, within ninety days prior to the Petition Date,
17 Benzeevi, claiming to be the Chief Executive Officer of the District, executed a
18 document entitled Short Form Deed of Trust and Assignment of Rents ("Deed of Trust")
19 which purports to irrevocably grant, transfer and assign to a trustee in trust, with power
20 of sale, certain real property commonly known as 1425 East Prosperity Avenue in
21 Tulare, California, as more particularly described in the Deed of Trust, for the benefit of
22 Defendant HCCA. The Deed of Trust was made for the purpose of securing payment of
23 an alleged pre-petition disputed debt referenced in the Deed of Trust as a series of ten
24 promissory notes allegedly executed by the District in favor of the Defendant HCCA. A
25 true and correct copy of the Deed of Trust, which was recorded in the Official Records
26 of the County of Tulare as Instrument No. 2017-0059339 on September 28, 2017, is
27 attached herewith as Exhibit A.

28 ///

8.     Plaintiff is informed and believes, and on such information and belief alleges, that the District never approved a resolution appointing Benzeevi as Chief Executive Officer of the District or entered into a contract of employment with Benzeevi to serve as the Chief Executive Officer of the District.  Plaintiff is further informed and believes, and on such information and belief alleges, that Benzeevi was not authorized by any District resolution, contract or other document to execute the Deed of Trust in any capacity on behalf of the District.

**FIRST CLAIM FOR RELIEF**
(Avoidable Preferential Transfers)
(11 U.S.C. § 547(b))

9.     Plaintiff realleges and incorporates by reference paragraphs 1 through 8, inclusive, of this Complaint as though fully set forth herein.

10.    The District owns the property described in the Deed of Trust.  The conveyance of the property to the trustee, together with power of sale, for the benefit of Defendant HCCA as beneficiary of the Deed of Trust, is a pre-petition transfer made to or for the benefit of Defendant HCCA, who was a creditor of the District at the time of the transfer as the term "creditor" is defined by Bankruptcy Code § 101(10).

11.    The pre-petition transfer was a transfer of property of the District to the trustee in trust for the benefit of Defendant HCCA, and thus constitutes a transfer of an interest of the District in property.

12.    Plaintiff is informed and believes, and on that basis alleges, that the pre-petition transfer was made for on or on account of an antecedent disputed debt consisting of the promissory notes referenced in the Deed of Trust, all of which are dated before the Petition Date and before the Deed of Trust was executed, and which disputed debts are allegedly owed by the District to Defendant HCCA.

13.    Plaintiff is informed and believes, and on that basis alleges that the pre-petition transfer was made while the District was insolvent.  Pursuant to 11 U.S.C. § 547(f), the District is presumed to have been insolvent at the time of the pre-petition

1  transfer.

2       14.    Plaintiff is informed and believes, and on that basis alleges that the pre-

3  petition transfer enabled Defendant HCCA to receive more than it would have received

4  if (a) the District's bankruptcy case was a case under chapter 7 of Title 11 of the United

5  States Code; (b) the transfer had not been made; and (c) Defendant HCCA received

6  payment of such debt to the extent provided by Title 11 of the United States Code.

7       15.    Plaintiff is entitled to an order and judgment against Defendant HCCA

8  under 11 U.S.C. § 547(b) that the pre-petition transfer of the District's property be

9  avoided pursuant to 11 U.S.C. § 547(b).

10                  **SECOND CLAIM FOR RELIEF**
                  (For Fraudulent Conveyance)

11                      (11 U.S.C. § 548)

12

13       16.    Plaintiff realleges and incorporates by reference paragraphs 1 through 7,

14  inclusive, of this Complaint as though fully set forth herein.

15       17.    Within the two year period prior to the Petition Date, as detailed above,

16  Defendant HCCA received an interest in the District's property as described in the Deed

17  of Trust.  Within the two year period prior to the Petition Date, the District also incurred

18  the disputed obligations represented by the series of ten purported promissory notes

19  referenced in the Deed of Trust.

20       18.    Plaintiff is informed and believes, and on such information and belief

21  alleges, that the transfer of the interest in the District's property described in the Deed of

22  Trust and the obligations referenced in the series of ten purported promissory notes

23  listed in the Deed of Trust (together, the "Fraudulent Transfer and Obligations") were

24  made with actual intent to hinder, delay or defraud entities to which the District was or

25  became, on or after the date that the Fraudulent Transfer and Obligations were made or

26  incurred, indebted.

27  ///

28  ///

19.     Plaintiff is further informed and believes, and on such information and

belief alleges, that the District received less than a reasonably equivalent value in

exchange for the Fraudulent Transfer and Obligations, and the District was insolvent on

the dates that such Fraudulent Transfer and Obligations were made or incurred, or

became insolvent as a result of such Fraudulent Transfer and Obligations.

20.     Plaintiff is entitled to an order and judgment against Defendant HCCA

under 11 U.S.C. § 548(a) that the pre-petition Fraudulent Transfer and Obligations be

avoided pursuant to 11 U.S.C. § 548(a).

<div align="center">

**THIRD CLAIM FOR RELIEF**
(For Recovery of Property)
(11 U.S.C. § 550)

</div>

21.     Plaintiff realleges and incorporates by reference paragraphs 1 through 20,

inclusive, of this Complaint as though fully set forth herein.

22.     As alleged above, Plaintiff is entitled to avoid the pre-petition transfer

under 11 U.S.C. § 547(b) and the Fraudulent Transfer and Obligations under 11 U.S.C.

§ 548(a). As Defendant HCCA is the initial transferee of the pre-petition transfer and

the Fraudulent Transfer and Obligations, or the individual or entity for whose benefit the

pre-petition transfer and Fraudulent Transfer and Obligations was made, or is the

immediate or mediate transferee of the initial transferee receiving such pre-petition

transfer, or any of them, Plaintiff is entitled to recover the proceeds or value of the pre-

petition transfer from Defendant HCCA under 11 U.S.C. § 550.

<div align="center">

**FOURTH CLAIM FOR RELIEF**
(For Preservation of Avoided Transfer)
(11 U.S.C. § 551)

</div>

23.     Plaintiff realleges and incorporates by reference paragraphs 1 through 20,

inclusive, of this Complaint as though fully set forth herein.

24.     Pursuant to 11 U.S.C. § 551, Plaintiff is entitled to preserve any transfer

avoided under 11 U.S.C § 547(b) and 548(a) for the benefit of the District.

///

///

**FIFTH CLAIM FOR RELIEF**
(Disallowance of Claim)
(11 U.S.C. § 502(d))

25.　Plaintiff realleges and incorporates by reference paragraphs 1 through 20, inclusive, of this Complaint as though fully set forth herein.

26.　Absent Defendant HCCA returning to the District the full amount of the transfer and reconveying the Deed of Trust, its claim or claims asserted against the District must be disallowed in the entirety.

**SIXTH CLAIM FOR RELIEF**
(Declaratory Relief)
(28 U.S.C. § 2201)

27.　Plaintiff realleges and incorporates by reference paragraphs 1 through 20, inclusive, of this Complaint as though fully set forth herein.

28.　Plaintiff is informed and believes, and on such information and belief alleges, that Defendant HCCA contends that Benzeevi was authorized to execute the Deed of Trust for the benefit of Defendant HCCA, which Benzeevi also managed, owned and controlled, and to cause the Deed of Trust to be recorded.  The Deed of Trust is an encumbrance on title to the District's property and interferes with the District's ability to use the property to secure funds for the District's operations.  Plaintiff disputes and denies that Benzeevi was authorized to execute the Deed of Trust and cause it to be recorded.

29.　A present and actual controversy between the Plaintiff, on the one hand, and Defendant, on the other hand, with respect to Benzeevi's authority or lack thereof to execute the Deed of Trust on behalf of the District and cause it to be recorded for the benefit of Defendant HCCA, to warrant the issuance of a declaratory judgment under 28 U.S.C. § 2201.  Plaintiff is informed and believes, and thereupon alleges, Benzeevi had no authority under the Contract, the District's Bylaws or any applicable law to execute the Deed of Trust and cause it to be recorded and that the Deed of Trust is void. Plaintiff is informed and believes, and thereupon alleges, that Defendant disputes this contention and maintains that Benzeevi had authority to execute the Deed of Trust for

1  the benefit of Defendant HCCA and that the Deed of Trust is valid.  Plaintiff has

2  requested that Defendant HCCA reconvey the Deed of Trust but Defendant HCCA has

3  failed and refused, and continues to fail and refuse, to do so.  In light of Defendant

4  HCCA's failure and refusal to reconvey the Deed of Trust which continues to encumber

5  the District's property, a prompt judicial determination of the respective rights and duties

6  of the parties is necessary and appropriate.

7                                              **PRAYER**

8          WHEREFORE, Plaintiff requests judgment as follows:

9          A.      On the First Claim for Relief for judgment in favor of the District and

10  against Defendant HCCA avoiding the transfer as a preference pursuant to 11 U.S.C. §

11  547;

12          B.      On the Second Claim for Relief for judgment in favor of the District and

13  against Defendant HCCA avoiding the transfer and obligations incurred as fraudulent

14  conveyances pursuant to 11 U.S.C. § 548;

15          C.      On the Third Claim for Relief for a judgment that the District is entitled to

16  recover the pre-petition transfer under 11 U.S.C. § 550;

17          D.      On the Fourth Claim for Relief for a judgment that the District is entitled to

18  preserve any transfer avoided under 11 U.S.C. § 547(b), including the pre-petition

19  transfer, for the benefit of the District;

20          E.      On the Fifth Claim for Relief, an order denying and disallowing the

21  Defendant HCCA's claims against the District until such time as any judgment rendered

22  by this Court has been fully satisfied;

23          F.      On the Sixth Claim for Relief, a declaration that Benzeevi had no authority

24  to execute the Deed of Trust on behalf of the District and had no authority to cause the

25  Deed of Trust to be recorded, and that the Deed of Trust is void.

26          G.      On all Claims for Relief for cost of suit incurred herein, including, without

27  limitation, attorney's fees; and

28  ///

Complaint to Avoid Preferential Transfers, Fraudulent                -8-                    00168815-gaa-01.23.2018.8:03am
Conveyance and for Declaratory Relief

H.    Such other and further relief as this Court deems just and appropriate.

Dated: January _23_, 2018

WALTER & WILHELM LAW GROUP,
a Professional Corporation

By:    _Riley C. Walter_

Riley C. Walter, Attorneys for Plaintiff
Tulare Local Healthcare District dba
Tulare Regional Medical Center

Complaint to Avoid Preferential Transfers, Fraudulent
Conveyance and for Declaratory Relief

00168815-gaa-01.23.2018.8:03am