11

WALTER WILHELM LAW GROUP
a Professional Corporation
Riley C. Walter #91839
Kathleen D. DeVaney #156444
Danielle J. Bethel #315945
205 E. River Park Circle, Suite 410
Fresno, CA 93720
Telephone: (559) 435-9800
Facsimile: (559) 435-9868
E-mail: rileywalter@w2lg.com

Attorneys for TULARE LOCAL HEALTHCARE DISTRICT,
dba TULARE REGIONAL MEDICAL CENTER

(SPACE BELOW FOR FILING STAMP ONLY)

# IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| In re<br><br>TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER,<br><br>    Debtor.<br><br>Tax ID #:  94-6002897<br>Address:  869 N. Cherry Street<br>          Tulare, CA 93274 | CASE NO. 17-13797<br><br>Chapter 9 |
| TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER,<br><br>    Plaintiff,<br><br>vs.<br><br>HEALTHCARE CONGLOMERATE ASSOCIATES, LLC, a California limited liability company,<br><br>    Defendant. | ADV PROC. NO. 18-01005 |

**FIRST AMENDED COMPLAINT TO AVOID PREFERENTIAL TRANSFERS, FRAUDULENT CONVEYANCE, DECLARATORY RELIEF AND CANCELLATION OF WRITTEN INSTRUMENT**
**(Healthcare Conglomerate Associates, LLC)**

Tulare Local Healthcare District dba Tulare Regional Medical Center, the debtor in the above-captioned adversary proceeding, brings this complaint and alleges as follows:

## JURISDICTION, VENUE AND THE PARTIES

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157(d) and § 1334.

2. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (F), and (O). This adversary proceeding relates to *In re Tulare Local Healthcare District dba Tulare Regional Medical Center*, Case No. 17-13797, which was commenced on September 30, 2017 ("Petition Date") by the Tulare Local Healthcare District dba Tulare Regional Medical Center ("Plaintiff" or "the District") by filing a petition under Chapter 9 of title 11 of the United States Code ("Bankruptcy Code") on an emergency basis in the United States Bankruptcy Court for the Eastern District of California - Fresno Division ("Bankruptcy Court").

3. Venue is proper under 28 U.S.C. § 1409.

4. Plaintiff Tulare Local Healthcare District is a public local healthcare district organized under the Local Hospital District Law set forth in California's Health and Safety Code. The District is a municipality under Bankruptcy Code § 109(c)(1)(40) and as defined in Bankruptcy Code § 101(40). The District operates a general acute hospital facility known as the Tulare Regional Medical Center, a fitness facility, and other patient services programs. Pursuant to Bankruptcy Code § 904(5), the District is the same as a trustee because the word "trustee" means debtor when used in a section that is made applicable in a Chapter 9 case.

5. Defendant Healthcare Conglomerate Associates, LLC ("HCCA" or "Defendant") is a limited liability company organized in December 2013 under the laws of the State of California. Plaintiff is informed and believes, and on such information and belief alleges, that at all times relevant herein, Yorai Benzeevi, M.D. ("Benzeevi"), is and was the manager and/or member of HCCA. Plaintiff is also informed and believes,

First Amended Complaint to Avoid Preferential Transfers, Fraudulent Conveyance, Declaratory Relief and Cancellation of Written Instrument

-2-

00178784-gaa-05.07.2018

and on such information and belief alleges, that Benzeevi is the Chief Executive Officer of the Defendant. This Court has personal jurisdiction over the Defendant. At all relevant times, Defendant was an entity for whose benefit the recoverable transfers alleged in this First Amended Complaint were made, and/or an immediate or mediate transferee of such recoverable transfers.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

6. On May 29, 2014, HCCA and the District entered into a contract involving four agreements consisting of a Management Services Agreement ("MSA"), Interim Joint Operating Agreement, Joint Operating Agreement and Option (collectively taken together, the "Contract"). Copies of the documents that comprised the Contract were filed in the District's Chapter 9 case as Docket Nos. 37, 38, 39 and 40, respectively and were also attached as Exhibit 2 to the Declaration of Yorai Benzeevi, M.D. filed on October 17, 2017. The Option was recorded on July 3, 2014 in the Official Records of the County of Tulare as Instrument No. 2014-0034007. On October 19, 2017, the Bankruptcy Court granted the District's motion to reject the Contract. Docket No. 174.

7. On September 27, 2017, within ninety days prior to the Petition Date, Benzeevi, claiming to be the Chief Executive Officer of the District, executed a document entitled Short Form Deed of Trust and Assignment of Rents ("Deed of Trust") which purports to irrevocably grant, transfer and assign to a trustee in trust, with power of sale, certain real property commonly known as 1425 East Prosperity Avenue in Tulare, California, as more particularly described in the Deed of Trust, for the benefit of the Defendant. The Deed of Trust was made for the purpose of securing payment of an alleged pre-petition disputed debt referenced in the Deed of Trust as a series of ten promissory notes allegedly executed by the District in favor of the Defendant. A true and correct copy of the Deed of Trust, which was recorded in the Official Records of the County of Tulare as Instrument No. 2017-0059339 on September 28, 2017, is attached herewith as Exhibit A.

///

8. Plaintiff is informed and believes, and on such information and belief alleges, that the District never approved a resolution appointing Benzeevi as Chief Executive Officer of the District or entered into a contract of employment with Benzeevi to serve as the Chief Executive Officer of the District. Plaintiff is further informed and believes, and on such information and belief alleges, that Benzeevi was not authorized by any District resolution, contract or other document to execute the Deed of Trust in any capacity on behalf of the District and was not authorized to cause the Deed of Trust to be recorded.

### FIRST CLAIM FOR RELIEF
### (Avoidable Preferential Transfers)
### (11 U.S.C. § 547(b))

9. Plaintiff realleges and incorporates by reference paragraphs 1 through 8, inclusive, of this First Amended Complaint as though fully set forth herein.

10. The District owns the property described in the Deed of Trust. The conveyance of the property to the trustee, together with power of sale, for the benefit of the Defendant as beneficiary of the Deed of Trust, is a pre-petition transfer made to or for the benefit of the Defendant, who was a creditor of the District at the time of the transfer as the term "creditor" is defined by Bankruptcy Code § 101(10).

11. The pre-petition transfer was a transfer of property of the District to the trustee in trust for the benefit of the Defendant, and thus constitutes a transfer of an interest of the District in property.

12. Plaintiff is informed and believes, and on that basis alleges, that the pre-petition transfer was made for on or on account of an antecedent disputed debt consisting of the promissory notes referenced in the Deed of Trust, all of which are dated before the Petition Date and before the Deed of Trust was executed, and which disputed debts are allegedly owed by the District to the Defendant.

13. Plaintiff is informed and believes, and on that basis alleges that the pre-petition transfer was made while the District was insolvent. Pursuant to 11 U.S.C. § 547(f), the District is presumed to have been insolvent at the time of the pre-petition

First Amended Complaint to Avoid Preferential Transfers, Fraudulent Conveyance, Declaratory Relief and Cancellation of Written Instrument

-4-

00178784-gaa-05.07.2018

transfer.

14. Plaintiff is informed and believes, and on that basis alleges that the pre-petition transfer enabled the Defendant to receive more than it would have received if (a) the District's bankruptcy case was a case under chapter 7 of Title 11 of the United States Code; (b) the transfer had not been made; and (c) the Defendant received payment of such debt to the extent provided by Title 11 of the United States Code.

15. Plaintiff is entitled to an order and judgment against the Defendant that the pre-petition transfer of the District's property be avoided pursuant to 11 U.S.C. § 547(b).

<u>SECOND CLAIM FOR RELIEF</u>
(For Fraudulent Conveyance)
(11 U.S.C. § 548)

16. Plaintiff realleges and incorporates by reference paragraphs 1 through 7, inclusive, of this First Amended Complaint as though fully set forth herein.

17. Within the two year period prior to the Petition Date, as detailed above, the Defendant received an interest in the District's property as described in the Deed of Trust. Within the two year period prior to the Petition Date, the District also incurred the disputed obligations represented by the series of ten purported promissory notes referenced in the Deed of Trust.

18. Plaintiff is informed and believes, and on such information and belief alleges, that the transfer of the interest in the District's property described in the Deed of Trust and the obligations referenced in the series of ten purported promissory notes listed in the Deed of Trust (together, the "Fraudulent Transfer and Obligations") were made with actual intent to hinder, delay or defraud entities to which the District was or became, on or after the date that the Fraudulent Transfer and Obligations were made or incurred, indebted.

19. Plaintiff is further informed and believes, and on such information and belief alleges, that the District received less than a reasonably equivalent value in exchange for the Fraudulent Transfer and Obligations, and the District was insolvent on the dates that such Fraudulent Transfer and Obligations were made or incurred, or

became insolvent as a result of such Fraudulent Transfer and Obligations.

20. Plaintiff is entitled to an order and judgment against the Defendant that the pre-petition Fraudulent Transfer and Obligations be avoided pursuant to 11 U.S.C. § 548(a).

### THIRD CLAIM FOR RELIEF
### (For Recovery of Property)
### (11 U.S.C. § 550)

21. Plaintiff realleges and incorporates by reference paragraphs 1 through 20, inclusive, of this First Amended Complaint as though fully set forth herein.

22. As alleged above, Plaintiff is entitled to avoid the pre-petition transfer under 11 U.S.C. § 547(b) and the Fraudulent Transfer and Obligations under 11 U.S.C. § 548(a). Because the Defendant is the initial transferee of the pre-petition transfer and the Fraudulent Transfer and Obligations, or the entity for whose benefit the pre-petition transfer and Fraudulent Transfer and Obligations was made, or is the immediate or mediate transferee of the initial transferee receiving such pre-petition transfer, or any of them, Plaintiff is entitled to recover the proceeds or value of the pre-petition transfer from the Defendant under 11 U.S.C. § 550.

### FOURTH CLAIM FOR RELIEF
### (For Preservation of Avoided Transfer)
### (11 U.S.C. § 551)

23. Plaintiff realleges and incorporates by reference paragraphs 1 through 20, inclusive, of this First Amended Complaint as though fully set forth herein.

24. Pursuant to 11 U.S.C. § 551, Plaintiff is entitled to preserve any transfer avoided under 11 U.S.C §§ 547(b) and 548(a) for the benefit of the District.

### FIFTH CLAIM FOR RELIEF
### (Disallowance of Claim)
### (11 U.S.C. § 502(d))

25. Plaintiff realleges and incorporates by reference paragraphs 1 through 20, inclusive, of this First Amended Complaint as though fully set forth herein.

26. Unless the Defendant returns to the District the full amount of the transfer and reconveys the Deed of Trust, its claim or claims asserted against the District must

First Amended Complaint to Avoid Preferential Transfers, Fraudulent Conveyance, Declaratory Relief and Cancellation of Written Instrument          -6-          00178784-gaa-05.07.2018

be disallowed in the entirety.

## SIXTH CLAIM FOR RELIEF
### (Declaratory Relief)
### (28 U.S.C. § 2201)

27. Plaintiff realleges and incorporates by reference paragraphs 1 through 20, inclusive, of this First Amended Complaint as though fully set forth herein.

28. Plaintiff is informed and believes, and on such information and belief alleges, that the Defendant contends that Benzeevi was authorized to execute the Deed of Trust on behalf of the District for the benefit of the Defendant, which is an entity that Benzeevi managed, owned and controlled, and to cause the Deed of Trust to be recorded. The Deed of Trust is an encumbrance on title to the District's property and interferes with the District's ability to use the property to secure funds necessary for the District's operations. Plaintiff disputes and denies that Benzeevi was authorized to execute the Deed of Trust and cause it to be recorded.

29. A present and actual controversy between the Plaintiff, on the one hand, and Defendant, on the other hand, with respect to Benzeevi's authority or lack thereof to execute the Deed of Trust on behalf of the District and cause it to be recorded for the benefit of the Defendant, sufficient to warrant the issuance of a declaratory judgment under 28 U.S.C. § 2201. Plaintiff is informed and believes, and thereupon alleges, that Benzeevi had no authority under the Contract, the District's Bylaws, the District Hospital Law, or any other document or any applicable law to execute the Deed of Trust and cause it to be recorded and that the Deed of Trust is void or voidable. Plaintiff is informed and believes, and thereupon alleges, that the Defendant disputes this contention and maintains that Benzeevi had authority to execute the Deed of Trust on behalf of the District for the benefit of the Defendant and that the Deed of Trust is not void or voidable. Plaintiff has requested that the Defendant cause the Deed of Trust to be reconveyed, but the Defendant has failed and refused, and continues to fail and refuse, to do so. In light of the Defendant's failure and refusal to cause the Deed of Trust to be reconveyed and the Deed of Trust continues to encumber the District's

property and prevents the District from using the property as collateral to secure funds necessary for the District's operations, a prompt judicial determination of the respective rights and duties of the parties is necessary and appropriate.

## SEVENTH CLAIM FOR RELIEF
### (Cancellation of Written Instrument)

30. Plaintiff realleges and incorporates by reference paragraphs 1 through 20, inclusive, of this First Amended Complaint as though fully set forth herein.

31. The Deed of Trust is the written instrument sought to be cancelled in this claim and was executed in Tulare County, California. The real property to which the Deed of Trust sought to be canceled is also situated in Tulare County, California.

32. On September 27, 2017, Benzeevi, claiming to be the Chief Executive Officer of the District, executed the Deed of Trust attached as Exhibit A to the Exhibits filed herewith and is incorporated herein by reference, which irrevocably granted, transferred and assigned the public property owned by the District commonly known as 1425 East Prosperity Avenue in Tulare, California, as more particularly described in the Deed of Trust, to Chicago Title Company, a California corporation, in trust, with power of sale, for the benefit of the Defendant. The Deed of Trust was recorded in the Official Records of the County of Tulare as Instrument No. 2017-0059339 on September 28, 2017.

33. The Board of Directors of the District was not aware of Benzeevi's execution of the Deed of Trust or the recordation of the Deed of Trust until on or about October 5, 2017.

34. The Deed of Trust is void and/or voidable on the following grounds:

   a. Benzeevi was not the Chief Executive Officer of the District. The District never approved a resolution appointing Benzeevi as Chief Executive Officer of the District, and never entered into a contract of employment with Benzeevi to serve as the Chief Executive Officer of the District.

   b. Benzeevi was not authorized by any District resolution, contract,

law or other document to execute the Deed of Trust in any capacity on behalf of the District and was not authorized to cause the Deed of Trust to be recorded.

　　　c.　　Plaintiff is informed and believes, and on such information and belief alleges, that execution and recordation of the Deed of Trust by Benzeevi involved fraud on the part of Benzeevi. Plaintiff is further informed and believes, and on such information and belief alleges, that (1) Benzeevi knew that the District was insolvent at the time Benzeevi executed the Deed of Trust, (2) Benzeevi executed the Deed of Trust in an effort to secure a disputed debt allegedly due and owing to HCCA, Benzeevi's company, for the purpose of hindering, delaying and defrauding the District's creditors and assert the position that HCCA is a secured creditor in the event the District filed for bankruptcy protection; (3) and that Benzeevi knew or should have known that the District did not owe HCCA the amount of the indebtedness alleged in the Deed of Trust.

　　　d.　　Plaintiff is further informed and believes and on such information and belief alleges, that Benzeevi, as the manager of HCCA, violated, *inter alia*, fiduciary duties owed to the District by executing the Deed of Trust and causing it to be recorded and acted for the exclusive benefit of HCCA.

　　　e.　　The Deed of Trust constitutes a lien procured in an unlawful manner and by fraud encumbering public property.

　　　f.　　As a result of HCCA's conduct and Benzeevi's conduct in executing and causing the Deed of Trust to be recorded, the Deed of Trust is a cloud on title to the District's property and the District has been unable to use the property described in the Deed of Trust as collateral to secure the necessary funding to reopen the Tulare Regional Medical Center and begin its operations to provide medical care and emergency services to the District's residents which, in turn, will generate the revenues necessary to fund a plan of adjustment under which creditors may be paid.

35.　　In doing the acts alleged in this claim, HCCA and Benzeevi acted unlawfully, without any authority and in breach of fiduciary duties owed to the District with callous disregard of the rights of the District, knowing that the conduct was

substantially certain to injure the District and the District has been seriously injured as a result.

36. In committing the acts alleged in this claim, HCCA's acts were willful, oppressive, fraudulent and malicious and were committed with the intent to vex, annoy and disrupt the District's ability to conduct its business. Accordingly, the District is entitled to an award of exemplary and punitive damages in an amount to be decided at the time of trial. The District is also entitled to payment of its attorneys fees.

## PRAYER

WHEREFORE, Plaintiff requests judgment as follows:

A. On the First Claim for Relief, for judgment in favor of Plaintiff and against Defendant avoiding the transfer as a preference pursuant to 11 U.S.C. § 547;

B. On the Second Claim for Relief, for judgment in favor of Plaintiff and against Defendant avoiding the transfer and obligations incurred as fraudulent conveyances pursuant to 11 U.S.C. § 548;

C. On the Third Claim for Relief, for a judgment that Plaintiff is entitled to recover the pre-petition transfer under 11 U.S.C. § 550;

D. On the Fourth Claim for Relief, for a judgment that Plaintiff is entitled to preserve any transfer avoided under 11 U.S.C. § 547(b), including the pre-petition transfer, for the benefit of the District;

E. On the Fifth Claim for Relief, an order denying and disallowing the Defendant's claims against the District until such time as any judgment rendered by this Court has been fully satisfied;

F. On the Sixth Claim for Relief, a declaration that Benzeevi had no authority to execute the Deed of Trust on behalf of the District and had no authority to cause the Deed of Trust to be recorded, and that the Deed of Trust is void;

G. On the Seventh Claim for Relief, that the Deed of Trust be declared void; that the Deed of Trust be delivered to the clerk of the court for cancellation; that the Court issue an order enjoining HCCA from transferring any rights it may as the

beneficiary under the Deed of Trust; and that the Court award punitive and exemplary damages according to proof;

    H.    On all Claims for Relief, for cost of suit incurred herein, including, without limitation, attorney's fees; and

    I.    Such other and further relief as this Court deems just and appropriate.

Dated: May 8, 2018

WALTER & WILHELM LAW GROUP,
a Professional Corporation

By: /s/ Riley C. Walter
Riley C. Walter, Attorneys for Plaintiff
Tulare Local Healthcare District dba
Tulare Regional Medical Center