**9**

1  MARC A. LEVINSON, CSB NO. 57613
CYNTHIA J. LARSEN, CSB NO. 123994
2  **ORRICK, HERRINGTON & SUTCLIFFE LLP**
400 Capitol Mall, Suite 3000
3  Sacramento, California 95814-4497
Telephone: (916) 329-4910
4  Email: malevinson@orrick.com
        clarsen@orrick.com
5

6  HAGOP T. BEDOYAN, CSB NO. 131285
**KLEIN, DENATALE, GOLDNER,**
7  **  COOPER, ROSENLIEB & KIMBALL LLP**
5260 N. Palm Avenue, Suite 205
8  Fresno, California 93704
Telephone: (559) 438-4374
9  Facsimile:  (661) 326-0418
E-mail: hbedoyan@kleinlaw.com
10        lholder@kleinlaw.com

11

12  Attorneys for HealthCare Conglomerate Associates, LLC

13            **UNITED STATES BANKRUPTCY COURT**

14        **EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

15

| | |
|---|---|
| In re: | Case No.: 17-13797-9-B |
| TULARE LOCAL HEALTHCARE DISTRICT dba TULARE REGIONAL MEDICAL CENTER, | Chapter 9 |
| | **Adversary Pro. No.: 18-01005-B** |
| Debtor. | |
| TULARE LOCAL HEALTHCARE DISTRICT dba TULARE REGIONAL MEDICAL CENTER, | |
| Plaintiff, | **HEALTHCARE CONGLOMERATE ASSOCIATES, LLC'S ANSWER TO FIRST AMENDED COMPLAINT TO AVOID PREFERENTIAL TRANSFERS, FRAUDULENT CONVEYANCE, DECLARATORY RELIEF AND CANCELLATION OF WRITTEN INSTRUMENT** |
| v. | |
| HEALTHCARE CONGLOMERATE ASSOCIATES, LLC a California limited liability company, | |
| Defendant. | |

28

## ANSWER

Healthcare Conglomerate Associates, LLC ("Defendant"), answers the *First Amended Complaint to Avoid Preferential Transfers, Fraudulent Conveyance, Declaratory Relief and Cancellation of Written Instrument* (the "Complaint") filed by the Tulare Local Healthcare District, dba Tulare Regional Medical Center on May 8, 2018 ("Plaintiff" or "the District") as follows:

1.     Defendant admits the allegations in paragraph 1 of the Complaint.

2.     Defendant admits all of the allegations in paragraph 2 of the Complaint, except the allegation that the bankruptcy filing was made on an emergency basis, which Defendant specifically denies.  To the extent that the Court determines that this adversary proceeding is not a core proceeding, Defendant does not consent to this Court entering a final judgment in this adversary proceeding.

3.     Defendant admits the allegations in paragraph 3 of the Complaint.

4.     Defendant lacks sufficient information, knowledge, and/or belief to admit or deny the allegations in paragraph 4 of the Complaint and on that basis, Defendant denies the allegations in paragraph 4 of the Complaint.

5.     With respect to paragraph 5, Defendant admits that HCCA is a limited liability company organized in December 2013 under the laws of the State of California and that Yorai Benzeevi, M.D. ("Dr. Benzeevi") is and was the manager and/or member of HCCA.  Defendant also admits that this Court has personal jurisdiction over it. With respect to the remaining allegations in paragraph 5 of the Complaint, Defendant lacks sufficient information, knowledge, and/or belief to admit or deny the allegations in paragraph 5 of the Complaint and on that basis, Defendant denies the allegations in paragraph 5 of the Complaint.

6.     Defendant admits the allegations in paragraph 6 of the Complaint.

7.     With respect to paragraph 7 of the Complaint, Defendant admits that Dr. Benzeevi executed a document entitled the "Deed of Trust" on September 27, 2017 and that the Deed of Trust was recorded in the Official Records of the County of Tulare as Instrument No.

/ / /

2017-0059339 on September 28, 2017. Defendant denies all remaining allegations in paragraph 7 of the Complaint.

8. With respect to all of the allegations in paragraph 8 of the complaint other than the last sentence, Defendant lacks sufficient information, knowledge, and/or belief to admit or deny those allegations and on that basis, Defendant denies all such allegations; however, with respect to the last sentence of paragraph 8 of the Complaint, Defendant denies the allegations contained in that sentence.

9. With respect to paragraph 9 of the Complaint, Defendant incorporates by reference its answers to paragraphs 1 through 8, inclusive, of the Complaint as through fully set forth herein.

10. Defendant admits the allegations in paragraph 10 of the Complaint.

11. With respect to the allegations contained in paragraph 11 of the Complaint, Defendant denies the allegations in paragraph 11 of the Complaint since they are not factual allegations requiring a response.

12. With respect to Paragraph 12 of the Complaint, Defendant admits that the prepetition transfer was made on or an account of an antecedent debt owed by Plaintiff to Defendant consisting of promissory notes referenced in the Deed of Trust, but otherwise denies all of the allegations in paragraph 12 of the Complaint.

13. Defendant lacks sufficient information, knowledge, and/or belief to admit or deny the allegations in paragraph 13 of the Complaint and on that basis, Defendant denies the allegations in paragraph 13 of the Complaint. In addition, Defendant denies the allegations in paragraph 13 of the Complaint since they are not factual allegations requiring a response.

14. Defendant lacks sufficient information, knowledge, and/or belief to admit or deny the allegations in paragraph 14 of the Complaint and on that basis, Defendant denies the allegations in paragraph 14 of the Complaint.

15. Defendant admits that Plaintiff seeks the relief enumerated in paragraph 15 of the Complaint; however, Defendant denies that Plaintiff is entitled to the relief requested or any

///

relief at all and, on that basis, otherwise denies the allegations in paragraph 15 of the Complaint.

16.     With respect to paragraph 16 of the Complaint, Defendant incorporates by reference its answers to paragraphs 1 through 7, inclusive, of the Complaint as through fully set forth herein.

17.     With respect to paragraph 17 of the Complaint, Defendant admits that within the two year period prior to the Petition Date, Defendant received an interest in the District's property as described in the Deed of Trust. Defendant also admits that within the two year period prior to the Petition Date, the District incurred obligations represented by a series of ten promissory notes referenced in the Deed of Trust, but otherwise specifically denies that the obligations were "disputed" or that the ten promissory notes were "purported" and generally denies the remaining allegations in paragraph 17 of the Complaint.

18.     Defendant denies the allegations in paragraph 18 of the Complaint.

19.     With respect to the allegations in paragraph 19 of the Complaint, Defendant specifically denies that the District received less than a reasonably equivalent value in exchange for the alleged fraudulent transfer and obligations, and further denies that the District was insolvent on the dates such alleged fraudulent transfer and obligations were made or incurred, or became insolvent as the result of such alleged fraudulent transfer and obligations. In addition, Defendant denies the allegations in paragraph 19 of the Complaint since they are not factual allegations requiring a response. Finally, Defendant lacks sufficient information, knowledge, and/or belief to admit or deny the allegations in paragraph 19 of the Complaint and on that basis, Defendant denies all the allegations in paragraph 19 of the Complaint.

20.     Defendant admits that Plaintiff seeks the relief enumerated in paragraph 20 of the Complaint; however, Defendant denies that Plaintiff is entitled to the relief requested or any relief at all and, on that basis, otherwise denies the allegations in paragraph 20 of the Complaint.

///

///

21.　　With respect to paragraph 21 of the Complaint, Defendant incorporates by reference its answers to paragraphs 1 through 20, inclusive, of the Complaint as through fully set forth herein.

22.　　Defendant admits that Plaintiff seeks the relief enumerated in paragraph 22 of the Complaint; however, Defendant denies that Plaintiff is entitled to the relief requested or any relief at all and, on that basis, otherwise denies the allegations in paragraph 22 of the Complaint.

23.　　With respect to paragraph 23 of the Complaint, Defendant incorporates by reference its answers to paragraphs 1 through 20, inclusive, of the Complaint as through fully set forth herein.

24.　　Defendant admits that Plaintiff seeks the relief enumerated in paragraph 24; however, Defendant denies that Plaintiff is entitled to the relief requested or any relief at all and, on that basis, otherwise denies the allegations in paragraph 24 of the Complaint.

25.　　With respect to paragraph 25 of the Complaint, Defendant incorporates by reference its answers to paragraphs 1 through 20, inclusive, of the Complaint as through fully set forth herein.

26.　　Defendant admits that Plaintiff seeks the relief enumerated in paragraph 26 of the Complaint; however, Defendant denies that Plaintiff is entitled to the relief requested or any relief at all and, on that basis, otherwise denies the allegations in paragraph 26 of the Complaint.

27.　　With respect to paragraph 27 of the Complaint, Defendant incorporates by reference its answers to paragraphs 1 through 20, inclusive, of the Complaint as through fully set forth herein.

28.　　With respect to Paragraph 28 of the Complaint, Defendant admits that it contends that Dr. Benzeevi was authorized to execute the Deed of Trust on behalf of the District for the benefit of Defendant, which is an entity that Dr. Benzeevi managed, owned and controlled.　Defendant further admits that it caused the Deed of Trust to be recorded. Defendant also admits that the Deed of Trust is an encumbrance on title to the District's

1   Property.   As to all other allegations in paragraph 28 of the Complaint, Defendant lacks

2   sufficient information, knowledge, and/or belief to admit or deny the allegations in paragraph

3   28 of the Complaint and on that basis, Defendant denies the allegations in paragraph 28 of the

4   Complaint.

5          29.     Defendant admits that Plaintiff seeks the relief enumerated in paragraph 29,

6   admits that Dr. Benzeevi had authority to execute the Deed of Trust on behalf of the District for

7   the benefit of the Defendant, admits that Plaintiff has requested that the Defendant cause the

8   Deed of Trust to be reconveyed, and admits that Defendant has not reconveyed the Deed of

9   Trust; however, Defendant denies that Plaintiff is entitled to the relief requested or any relief at

10  all and, on that basis, otherwise denies the allegations in paragraph 29 of the Complaint.

11         30.     With respect to paragraph 30 of the Complaint, Defendant incorporates by

12  reference its answers to paragraphs 1 through 20, inclusive, of the Complaint as through fully

13  set forth herein.

14         31.     Defendant admits the allegations in paragraph 31 of the Complaint.

15         32.     With respect to the paragraph 32 of the Complaint, Defendant admits that on

16  September 27, 2017, Dr. Benzeevi executed the Deed of Trust attached as Exhibit A to the

17  Exhibits filed with the Complaint and that the Deed of Trust was recorded in the Official

18  Records of the County of Tulare as Instrument No. 2017-0059339 on September 28, 2017;

19  however, Defendant denies all remaining allegations in paragraph 32 of the Complaint.

20         33.     Defendant lacks sufficient information, knowledge, and/or belief to admit or

21  deny the allegations in paragraph 33 of the Complaint and on that basis, Defendant denies the

22  allegations in paragraph 33 of the Complaint.

23         34.     With respect to paragraph 34 of the Complaint and all of its subparagraphs a, b,

24  c, d, e, and f, Defendant denies each and every allegation contained therein.

25         35.     With respect to paragraph 35 of the Complaint, Defendant denies each and every

26  allegation contained therein.  In addition, Defendant denies the allegations in paragraph 35 of

27  the Complaint since they are not factual allegations requiring a response.

28  / / /

36.     With respect to paragraph 36 of the Complaint, Defendant admits that Plaintiff seeks the relief requested therein; however, Defendant denies that Plaintiff is entitled to the relief requested therein or any relief at all and, on that basis, otherwise denies the allegations in paragraph 36 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.     Defendant asserts the facts alleged in the Complaint fail to state a claim against Defendant upon which relief can be granted (Fed. R. Bankr. Proc. 7012(b)(6)).

### SECOND AFFIRMATIVE DEFENSE

2.     With respect to the First Claim for Relief in the Complaint (Avoidable Preferential Transfers, paragraphs 9 through 15), the facts alleged in the Complaint fail to state a claim against Defendant upon which relief can be granted in that 11 U.S.C. § 926(b) provides that a "transfer of property of the debtor to or for the benefit of any holder of a bond or note, on account of such bond or note, may not be avoided under section 547 of this title."

### THIRD AFFIRMATIVE DEFENSE

3.     Defendant asserts that it gave new value to or for the benefit of Plaintiff not secured by an otherwise unavoidable security interest; and on account of which new value the Plaintiff did not make an otherwise unavoidable transfer to or for the benefit of Defendant. 11 U.S.C. § 547(c) (4).

### FOURTH AFFIRMATIVE DEFENSE

4.     Defendant asserts that Plaintiff waived its right to maintain and is estopped from asserting any of the claims set forth in the Complaint by virtue of its acts and omissions, and by virtue of the acts or omissions of its agents, and/or affiliates , including but not limited to its employees and representatives.

### FIFTH AFFIRMATIVE DEFENSE

5.     Plaintiff has not come to the Court with clean hands.  As a result, Plaintiff is not entitled to the relief requested in the Complaint.

/ / /

### SIXTH AFFIRMATIVE DEFENSE

6.    Plaintiff would be unjustly enriched under the facts and circumstances alleged in the Complaint if any portion or all of the claims were honored against Defendant.  Therefore, Plaintiff should take nothing in connection with each and all of the claims for relief.

### SEVENTH AFFIRMATIVE DEFENSE

7.    The Complaint, and each of its claims, is barred by the Doctrine of Ostensible Authority.

### EIGHTH AFFIRMATIVE DEFENSE

8.    The Complaint, and each of its claims, is barred by the Doctrine of Actual Authority.

### NINTH AFFIRMATIVE DEFENSE

9.    Defendant asserts that Plaintiff consented to the facts alleged in the Complaint, about which Plaintiff now complains.

### TENTH AFFIRMATIVE DEFENSE

10.    The Complaint is barred, in whole, or in part, because Plaintiff's claims are subject to mandatory, binding arbitration under the agreement reached during an all-day JAMS mediation session, which took place on February 9, 2018 in Los Angeles, California, before the Hon. Dickran Tevrizian (Ret.), JAMS Mediator/Arbitrator.  The agreement provides that in the event of any dispute with regards to the memorialization of the agreement, the dispute is to be tendered to Judge Tevrizian for resolution through binding arbitration.  Defendant reserves its rights to seek to compel arbitration with respect to the claims asserted by the Plaintiff in the Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

11.    Defendant reserves the right to assert additional defenses as they become known and available to Defendant.

### **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment as follows:

1.    Judgment in favor of Defendant and against Plaintiff;

1    2. For costs of suit, including attorney's fees provided by law or contract; and

2    3. For such other and further relief to which Defendant is entitled in law or equity.

KLEIN, DENATALE, GOLDNER, COOPER,
ROSENLIEB & KIMBALL LLP
ORRICK, HERRINGTON & SUTCLIFFE LLP

Dated: 6/4/18    By: _____

HAGOP T. BEDOYAN, ESQ.,
Attorneys for HealthCare Conglomerate Associates, LLC